IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ELBA GALARZA SOTO, et al. | * | |
| Plaintiffs | * | Civil No. 96-2516(SEC) |
| v. | * | Civil Rights |
| JOHNNY COLON, et al. | * | |
| Defendants | * | |

## PARTIAL JUDGMENT

On March 31, 1999, the Court issued an Opinion and Order summarily dismissing the complaint as to defendant José A. Méndez Crespo (**Docket # 23, at 10**). Therein, the Court also dismissed plaintiffs' claims under 42 U.S.C. § 1983, with the exception of plaintiff Hosmarí Ríos De Jesús' claim in her representative capacity, as legal heir to decedent Osvaldo Ríos Soto. **Id.** Moreover, the Court ordered plaintiffs to show cause within twenty days why their Eighth Amendment claim should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). **Id. at 11**. Plaintiffs were advised that failure to comply with this order would result in the dismissal of said claim pursuant to Fed. R. Civ. P. 41(b) and Local Rules 114 and 312.1. **Id.** Finally, the Court directed plaintiffs to show cause within twenty days why the complaint should not be dismissed as to defendant Johnny Colón for lack of personal jurisdiction. Consequently, plaintiffs' requests for entry of default against

**Civil No. 96-2516(SEC)**  2

Colón and for admission of certain matters for which admissions were requested were denied. **Id. at 12**.

On April 21, 1999, plaintiffs appeared to request an extension of time to comply with the Court's orders to show cause and to file a motion for reconsideration of the Court's dismissal of the complaint as to defendant Méndez Crespo (**Docket # 25**). The Court did not rule upon this motion. On May 14, 1999, plaintiffs appeared to show cause why the complaint should not be dismissed as to defendant Colón (**Docket # 26**). However, plaintiffs failed to show cause why their Eighth Amendment claim should not be dismissed. They also did not move for reconsideration our order of dismissal. Upon review of plaintiffs' "Motion Submitting Statement Under Penalty of Perjury in Support of Showing Cause Why the Complaint Should not be dismissed as to Codefendant Johnny Colón Concerning Compliance of (sic) Rule 4(m) of the Federal Rules of Civil Procedure" and accompanying documents (**Docket # 26**), the Court now rules as follows:

1. Plaintiffs' claim under the Eighth Amendment is hereby **DISMISSED**;

2. Plaintiffs' request for an enlargement of time to move for reconsideration is hereby **DENIED**;

3. Paragraphs 1, 2, 18 and 19 of plaintiffs' request for admissions, as annexed to **Docket # 26**, is hereby **GRANTED**; and

AO 72A
(Rev. 8/82)

Civil No. 96-2516(SEC)                                                                 3

4.   **DEFAULT JUDGMENT** on the claims remaining in plaintiffs' complaint is hereby entered against defendant Johnny Colón.

A hearing will be subsequently set by the Court to determine the damages due plaintiffs. Judgment is hereby entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this _15_ day of November, 1999.

SALVADOR E. CASELLAS
United States District Judge

*[handwritten notations]*
Inservi
s/c: 11/18/99 - Johnny Colón

AO 72A
(Rev. 8/82)